Jeffrey Willis, Esq.
Nevada Bar No. 4797
Holly E. Cheong, Esq.
Nevada Bar No. 11936
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: jwillis@swlaw.com
       hcheong@swlaw.com

*Attorneys for Plaintiff HSBC Bank, USA, National Association, as Trustee for Mortgageit Securities Corp. Mortgage Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK, USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORTGAGEIT SECURITIES CORP. MORTGAGE LOAN TRUST, SERIES 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, a national banking association;<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; VIA VALENCIA/VIA VENTURA HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; ABSOLUTE COLLECTION SERVICES, LLC, a Nevada limited liability company;<br><br>Defendants. | Case No.: 2:17-cv-01512-APG-VCF<br><br>**STIPULATION AND ORDER TO STAY LITIGATION PENDING CERTIFIED QUESTION BEFORE NEVADA SUPREME COURT, CASE NO. 72931** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br><br>vs. | |

- 1 -

4831-7834-7873

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | HSBC BANK, USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORTGAGEIT SECURITIES CORP. MORTGAGE LOAN TRUST, SERIES 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, national banking association, CITIMORTGAGE, INC.; MAGELLAN A. AQUINO, an individual,<br><br>Counter-Defendant/Cross-Defendants. |

It is hereby stipulated and agreed by and between Plaintiff/Counter-Defendant HSBC Bank, USA, National Association, as Trustee for Mortgageit Securities Corp. Mortgage Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates ("HSBC Bank"), Defendant/Counterclaimant/Cross-Claimant SFR Investment Pool 1, LLC ("SFR"), Defendant Via Valencia/Via Ventura Homeowners Association (the "HOA,"), and Defendant Absolute Collection Services (collectively, the "Parties"), by and through their respective counsel:

1. This lawsuit is one of hundreds where the parties dispute the effect of a non-judicial foreclosure sale held by an HOA pursuant to NRS 116.3116 *et seq.* (the "Statute") for an owner's failure to pay HOA assessments.

2. On August 12, 2016, the Ninth Circuit issued a decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), holding that NRS 116.3116 *et seq.* is facially unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution.

3. On March 1, 2017, the Nevada Supreme Court issued a decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 388 P.3d 970 (Nev. 2017), holding that NRS 116.3116 *et seq.* is not facially unconstitutional.

4. On May 3, 2017, this Court filed a certified question with the Nevada Supreme Court in *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, Case No. 72931, requesting that the Nevada Supreme Court determine whether incorporation of NRS 107.090 into NRS 116.31168 requires homeowners' associations to provide notices of default to lenders, even when lenders do not affirmatively request notice (the "Certified Question").

5. Staying this case pending a remittitur in the Certified Question will enable the parties to present arguments and evidence to this Court with complete legal authority, thereby promoting the most efficient use of the Court's and the parties' limited resources.

6. Because the Certified Question is fully briefed and submitted for decision without oral argument before the Nevada Supreme Court, the stay is not indefinite.

7. Accordingly, the parties request that all proceedings in this lawsuit are stayed, and all upcoming deadlines, hearings, and conferences be vacated.

8. The parties agree that SFR will maintain the property at issue in its current condition and will abide by all obligations and responsibilities arising from SFR's alleged ownership interest in the property, including but not limited to the payment of all applicable fees, assessments, taxes, and other financial obligations.

9. The parties agree that upon written request and reasonable notice, SFR shall allow HSBC Bank access to the property to inspect and ensure the property is being reasonably maintained.

10. The parties agree that HSBC Bank will not pursue foreclosure against the property at issue during the stay.

11. The parties agree that SFR will not sell, transfer, or convey the property while this case is stayed.

12. The parties further agree that their claims and defenses will be tolled, if necessary, for the duration of the stay, beginning on the date this stipulation is filed until the Court issues an order lifting the stay.

13. This stay will expire after the Nevada Supreme Court issues a remittitur in the Certified Question.

14. Within fifteen (15) days after the remittitur is issued, the parties shall file a notice informing the Court that the stay has expired.

15. The parties agree that upon dissolution of this stay, the parties will meet and confer and submit a stipulation and order setting forth an updated discovery schedule.

///

4831-7834-7873

1     16. SFR and HSBC Bank agree that HSBC Bank shall respond to SFR's written discovery requests, served on or about April 6, 2018, within forty-five (45) days after an order lifting the stay is entered.

    17. SFR agrees to vacate HSBC Bank's deposition, currently set for April 25, 2018. After an order lifting the stay is entered, the parties will provide HSBC Bank with at least sixty (60) days notice of any deposition of HSBC Bank's person most knowledgeable, or any other employee, representative, or agent of HSBC Bank identified for any deposition in this matter.

**IT IS SO STIPULATED.**

DATED this 17th day of April, 2018

By: */s/ Holly E. Cheong*
    Jeffrey Willis, Esq.
    Nevada Bar No. 4797
    Holly E. Cheong, Esq.
    Nevada Bar No. 11936
    Snell & Wilmer, L.L.P.
    3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, NV 89169
    Telephone: (702) 784-5200
    Facsimile: (702) 784-5252
    jwillis@swlaw.com
    hcheong@swlaw.com
    *Attorneys for Plaintiff HSBC Bank, USA, National Association, as Trustee for Mortgageit Securities Corp. Mortgage Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates*

DATED this 17th day of April, 2018

By: */s/ Diana S. Ebron*
    Diana S. Ebron, Esq.
    Nevada Bar No. 10580
    Jacqueline A. Gilbert, Esq.
    Nevada Bar No. 10593
    Karen L. Hanks, Esq.
    Nevada Bar No. 9578
    Kim Gilbert Ebron
    7625 Dean Martin Drive, Suite 110
    Las Vegas, NV 89139
    Telephone: (702) 485-3300
    Facsimile: (702) 485-3301
    diana@kgelegal.com
    jackie@kgelegal.com
    karen@kgelegal.com
    *Attorneys for Defendant SFR Investments Pool 1, LLC*

**SIGNATURES CONTINUED ON NEXT PAGE**

4831-7834-7873

DATED this 17th day of April, 2018

By: */s/ Shane D. Cox*
Shane D. Cox, Esq.
Nevada Bar No. 13852
Absolute Collection Services, LLC
8440 West Lake Mead Boulevard, Suite 210
Las Vegas, NV 89128
Telephone: (702) 531-3394
Facsimile: (702) 531-3396
shane@absolute-collection.com
*Attorneys for Defendant Absolute Collection, LLC*

DATED this 17th day of April, 2018

By: */s/ Ashlie L. Surur*
Ashlie L. Surur, Esq.
Nevada Bar No. 11290
Hall, Jaffe & Clayton, L.L.P.
7425 Peak Drive
Las Vegas, NV 89128
Telephone: (702) 316-4111
Facsimile: (702) 316-4114
asurur@lawhjc.com
*Attorneys for Defendant Via Valencia/Via Ventura Homeowners Association*

## ORDER

The Court having considered the attached stipulation of the parties, IT IS ORDERED THAT:

1. All proceedings in this lawsuit are stayed, and all upcoming deadlines, hearings, and conferences be vacated.
2. SFR will maintain the property at issue in its current condition and will abide by all obligations and responsibilities arising from SFR's alleged ownership interest in the property, including but not limited to the payment of all applicable fees, assessments, taxes, and other financial obligations.
3. Upon written request and reasonable notice, SFR shall allow HSBC Bank access to the property to inspect and ensure the property is being reasonably maintained.
4. HSBC Bank will not pursue foreclosure against the property at issue during the stay.
5. SFR will not sell, transfer, or convey the property while this case is stayed.
6. The parties' claims and defenses will be tolled, if necessary, for the duration of the stay, beginning on the date this stipulation is filed until the Court issues an order lifting the stay.
7. This stay will expire after the Nevada Supreme Court issues a remittitur in the Certified Question, *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, Case No. 72931.

4831-7834-7873

8. Within fifteen (15) days after the remittitur is issued, the parties shall file a notice informing the Court that the stay has expired.
9. Upon dissolution of this stay, the parties will meet and confer and submit a stipulation and order setting forth an updated discovery schedule.

IT IS SO ORDERED:

_____
U.S. DISTRICT COURT JUDGE
Dated: April 19, 2018.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4831-7834-7873